UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUKSTALIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KINECTA FEDERAL CREDIT UNION, et al.,<br><br>    Defendants. | Case No. 25-cv-03943-NW<br><br>**ORDER DISMISSING PLAINTIFFS' FAC**<br><br>Re: ECF No. 30 |

    Before the Court is Defendant Kinecta Federal Credit Union's ("Kinecta") motion to dismiss Plaintiffs' first amended complaint ("FAC"). Having reviewed the FAC and the papers, the Court DISMISSES WITHOUT PREJUDICE the FAC in full.

    The Court granted Kinecta's previous motion to dismiss Plaintiffs original complaint without prejudice. ECF No. 29. However, if Plaintiffs wanted to amend their breach of contract claim, the Court ordered that Plaintiffs must include a copy of the Loan Agreement, which Plaintiffs failed to do. The Loan Agreement, signed by Plaintiffs, certified by a notary public, and dated contemporaneously with the Deed of Trust, is a crucial component of Plaintiffs' allegations against Kinecta. Irrespective of whether the Loan Agreement was recorded in the County Recorder's Office, Plaintiffs received the document as part of the formal production that Kinecta produced in response to Plaintiffs' discovery requests.

    Plaintiffs have now inexplicably decided that despite their claim for breach of contract (which necessarily requires an enforceable contract between the parties), and the Court's direct Order that Plaintiffs include a copy of the Loan Agreement with their amended complaint, that they need not provide the Court with the Agreement. Instead of seeking leave from the Court not to comply with the Court's Order, Plaintiffs filed their FAC without the Loan Agreement, and

made a circular argument that they cannot be bound by the Loan Agreement that bears their signatures (and which serves as the foundation for their breach of contract claim against Kinecta) because (1) they never received a copy of the executed contract, and (2) the document provided by Kinecta may not be an authentic copy of the Loan Agreement Plaintiffs signed.  Neither argument has merit.  First, a contract need not be delivered in order to be operative as Plaintiffs seem to suggest.  Just as it does not matter that Plaintiffs did not read the contract, it is of no significance that Plaintiffs never received an executed copy.[1]  The only inquiry is whether Plaintiffs affixed their signatures to the Loan Agreement and therefore agreed to be bound by its terms.  Plaintiffs admitted that they signed the Loan Agreement, even if they are equivocal about whether the copy provided by Kinecta is the Loan Agreement that they signed.

Furthermore, Plaintiffs arguments that contest the authenticity of the Loan Agreement produced by Kinecta, appear to be a tactic to circumvent this Court's review of the very document that underlies the basis of Plaintiffs' breach of contract claim against Defendants.  While Plaintiffs state that they "harbor deep concerns regarding the authenticity of the purported signatures" that appear on the Loan Agreement, and that they are further "concern[ed] about the chain of custody of the documents Kinecta is representing to be the contract package," Opp'n at 7-8, these statements fail to identify any actual reason that Plaintiffs think the produced Loan Agreement is a fabrication.  Plaintiffs' "concerns" not only undermine Plaintiffs' claims against Kinecta, they also contravene the verifiable information available to the Court.  As previously noted, the Loan Agreement produced by Kinecta appears to be signed and initialed by both Plaintiffs and certified by a public notary.  In California, documents certified by a notary are presumed authentic, and Plaintiffs arguments otherwise are not enough to rebut that presumption.  *Transamerica Title Ins. Co. v. Green*, 11 Cal. App. 3d 693, 702 (1970) ("[T]he purpose of the certificate of acknowledgment is to establish the identity of such person and the genuineness of the signature attached to the instrument . . . [and] the certificate is prima facie evidence of the truth of the facts

---

[1] Additionally, **Plaintiffs** brought suit on the enforceability of the Loan Agreement when they filed this action.  *See* ECF No. 1-1 (Original Complaint).  They cannot now argue that the Loan Agreement is unenforceable because it was never delivered.

stated therein") (citation omitted); *see also* Fed. R. Evid. 902(8) (a document is self-authenticating if it is "accompanied by a certificate of acknowledgement that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments"). Additionally, ***the notary who certified the Loan Agreement is the same person who certified the signatures in the publicly recorded Deed of Trust that Plaintiffs themselves provided to the Court.***

Accordingly, and as Plaintiffs no doubt realize, a cursory review of the Loan Agreement runs roughshod over the FAC as currently drafted. While the original complaint had seven causes of action, some of which were dismissed with prejudice, the FAC now has thirteen, with several of those claims dependent upon Plaintiffs' allegations that Kinecta failed to disclose or intentionally misrepresented information about the conditions of the construction loan that Plaintiffs admit they received from Kinecta. But Plaintiff's claims can only succeed if Kinecta ***did not disclose*** or ***did not properly represent*** the disputed information within the terms of the Loan Agreement.

For the foregoing reasons and for purposes of judicial economy, Plaintiffs shall amend their complaint to incorporate the Loan Agreement.

The FAC is DISMISSED WITHOUT PREJUDICE. The hearing set for December 10, 2025 is VACATED. Any amended complaint is due within 21 days of this order.

**IT IS SO ORDERED.**

Dated: December 5, 2025

Noël Wise
United States District Judge

3