UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUKSTALIS, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>KINECTA FEDERAL CREDIT UNION, et al.,<br><br>              Defendants. | Case No. 25-cv-03943-NW<br><br>**ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE; SETTING DEADLINES AND HEARING**<br><br>Re: ECF No. 47 |

Before the Court is Plaintiffs' motion to substitute counsel and the parties' joint report in response to ECF No. 46. For the reasons below, the Court: sets Plaintiffs' deadline to file a second amended complaint for February 10, 2026; ORDERS PLAINTIFFS TO SHOW CAUSE why sanctions should not issue; and sets a hearing for February 17, 2026, at 1:30 p.m.

Plaintiffs filed suit against Defendant Kinecta Federal Credit Union in the County of Santa Clara on March 28, 2025, alleging among other things that Kinecta breached the loan agreement that governed Plaintiffs' mortgage. Nearly a year has passed and the case is neither at issue nor dismissed despite various Court's Orders, and the parties' assurances that the matter settled on January 14, 2026. It appears the responsibility for these delays lies substantially, if not entirely, with Plaintiffs.

Kinecta timely removed the case to this Court on May 6, 2025, and a week later, on May 13, 2025, moved to dismiss Plaintiffs' complaint. Kinecta attached to its motion a copy of the loan agreement between Plaintiffs and Kinecta that underlies much of Plaintiffs' action. Because Plaintiffs did not attach the loan agreement as part of their complaint, and Plaintiffs refused to stipulate to the authenticity of the parties' loan agreement attached to Kinecta's motion (and for other reasons immaterial to this order), the Court granted Kinecta's motion on October 2, 2025,

United States District Court<br>Northern District of California

and allowed Plaintiffs 14 days to file an amended complaint ("FAC").  The Court was explicit in its instructions to Plaintiffs: "Plaintiffs' nominal reference to the existence of a loan agreement is not enough to sustain a claim for breach.  Any successful claim must make specific reference to specific contract provisions."  ECF No. 29 at 11.  The Court further Ordered that if Plaintiffs amended their breach of contract claim, they must include the loan agreement as part of their complaint.  *Id.*

Plaintiffs did not comply with the Court's Order.  Instead on October 16, 2025, they filed their first amended complaint ("FAC") with a renewed breach of contract claim, without attaching a copy of the loan agreement.  ECF No. 30.  Plaintiffs also added new causes of action that could only succeed "if Kinecta ***did not disclose*** or ***did not properly represent*** the disputed information within the terms of the Loan Agreement" that Plaintiffs omitted.  ECF No. 36 (emphasis in original).  Kinecta again moved to dismiss.  ECF No. 31.  When the Court reviewed the FAC it concluded that Plaintiffs' refusal to furnish the loan agreement appeared to be a "tactic to circumvent this Court's review of the very document that underlies the basis of Plaintiffs' breach of contract claim against Defendants."  ECF No. 36.  On December 5, 2025, the Court dismissed the Plaintiffs' FAC in its entirety, without prejudice and without sanctions, and ordered—once again—that Plaintiffs amend their complaint to incorporate the loan agreement.  *Id.*

The Court granted Plaintiffs 21 days to file a second amended complaint ("SAC"), which was December 26, 2025.  At the parties' request, the Court provided an additional 17 days for Plaintiffs to file their SAC, putting the deadline at January 12, 2026.  ECF No. 39.  On January 7, 2026, five days before Plaintiffs SAC was due, the parties again asked the Court to extend the deadline to file the SAC.  ECF No. 41.  The parties explained that they had "engaged in meaningful settlement discussions, and . . . w[ould] benefit from additional time to discuss logistics and determine whether an agreeable resolution c[ould] be reached."  *Id.*  The Court rejected the request, reminding the parties that it had already extended the deadlines by two and a half weeks.  ECF No. 42.  Further, "there d[id] not appear to be any agreement in principle" that would warrant an extension.  As a courtesy, the Court gave Plaintiffs an additional few days to finalize its SAC, setting the new deadline for January 16, 2026.  *Id.*

2

United States District Court
Northern District of California

On January 14, 2026—two days before the deadline to file the SAC—the parties informed the Court that they had "reached a settlement agreement in principle." ECF No. 43. The parties "anticipate[d] completion of the steps necessary to document, confirm, and realize the settlement terms no later than February 27, 2026, at which time Plaintiffs expect to file a notice of dismissal of the instant action." *Id.* Consistent with this representation, the parties asked the Court to vacate all deadlines with the explicit "understanding that Plaintiffs w[ould] file a request for dismissal of the instant action following documentation and confirmation of the settlement." *Id.* "Plaintiffs w[ould] request . . . new case management deadlines" only "[i]n the unlikely event that the settlement conditions [we]re not completed within the time agreed by the Parties." *Id.* Taken together, the Court understood that one of two things would happen: (1) the parties would file the notice of dismissal by February 27, 2026, or (2) if they needed additional time beyond February 27, 2006, to complete the settlement conditions and file notice of dismissal they would request a case management extension to file their dismissal. The parties did not indicate that their settlement was illusory or incomplete. *Id.* As is evident by the Court's rejection of the parties' previous extension request, the Court would not have granted another extension had the parties not settled. Because the Court understood the parties had a settlement, on January 15, 2026, one day before Plaintiffs' SAC was due, the Court granted the parties' stipulation, vacated all pending dates, and set a compliance hearing re dismissal on March 17, 2026.

On February 2, 2026—almost three weeks after the parties informed the Court of their settlement—Plaintiffs moved to have Berliner Cohen LLP withdraw as counsel of record and substitute in a new firm, Lathrop GPM LLP. ECF No. 45. "The Court [wa]s perplexed by the request . . . [and] order[ed] the parties to meet and confer and file a joint report . . . confirming when the Court will receive the notice of dismissal." ECF No. 46.

The status report revealed a much different picture than the one conveyed in the January 14, 2026, stipulation. ECF No. 47. Plaintiffs, it seems, have attempted to retain new counsel, have repudiated the settlement agreement negotiated by their current counsel of record, and now want to restart litigation. Plaintiffs insist that these requests do not contradict the representations they made in the January 14, 2026, stipulation. According to Plaintiffs, that stipulation only "said

3

that the parties would either file a dismissal pursuant to settlement or request new case management deadlines by no later than February 27, 2026." ECF No. 47. Plaintiffs now contend they are simply electing what they view as the second option.

Kinecta's section of the status report states, "that Plaintiffs' retention of new counsel, repudiation of the settlement in principle, and desire to restart litigation are new developments of which Defendant had no more notice or information than did the Court." ECF No. 47. Kinecta reported that based on discussions with Plaintiffs' counsel, "Defendant believed it had negotiated a settlement with simple, concrete terms. That is the only reason defense counsel signed the stipulation, ECF No. 43, which resulted in Plaintiffs' deadline to amend the complaint being vacated." Kinecta ended its report by noting, "Defendant takes no position on which attorney or attorneys will represent Plaintiffs but regrets the time lost and fees expended negotiating and documenting a settlement that was not as reliable as it appeared." *Id.*

Under the circumstances it appears Plaintiffs' conduct in January was designed to gain further time to prepare their SAC. On January 7, 2026, Plaintiffs requested an additional 21 days to file the SAC. When the Court rejected that request because there "d[id] not appear to be a settlement in principle" between the parties, Plaintiffs came back days later assuring the Court that the parties had settled and asked the Court to vacate the impending case deadlines accordingly. On January 15, 2026, in reliance on those representations, the Court vacated Plaintiffs' January 16, 2026 deadline to file the SAC. It appears that Plaintiffs' assurances to the Court regarding the parties' settlement were disingenuous when they were made. Plaintiffs have now openly repudiated any settlement and have the benefit of having received more than three additional weeks as a reprieve from the Court's schedule—a reprieve Plaintiffs received based on misrepresentations to the Court, and perhaps to Kinecta.

Given the above, the Court makes the following rulings:

(1) Because the Court vacated all deadlines one day before Plaintiffs' SAC was due, the Court adopts a similar timeline going forward. Plaintiffs must file their SAC by February 10, 2026, at 5:00 p.m., *i.e.*, within two business days of this Order;

United States District Court
Northern District of California

4

(2) Plaintiffs are ORDERED TO SHOW CAUSE why monetary sanctions and/or sanctions up to and including dismissal of this action should not issue for Plaintiffs' misleading conduct described in this Order . Plaintiffs, by and through their counsel of record, shall respond in writing to the Order to Show Cause ("OSC") by February 10, 2026, at 5:00 p.m. Defendant may (but is not required to) respond by February 12, 2026. The Court will hold a hearing on the OSC on February 17, 2026, at 1:30 p.m. Plaintiffs James Rukstalis and Jenna Minyen, as well as their counsel, must appear in person. Counsel for Defendant must also appear but may do so in person or via Zoom.

(3) Plaintiffs' motion to substitute counsel will be heard on February 17, 2026, immediately following the OSC hearing.

**IT IS SO ORDERED.**

Dated: February 7, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

5