UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RUKSTALIS, et al.,

        Plaintiffs,

    v.

KINECTA FEDERAL CREDIT UNION, et al.,

        Defendants.

Case No. 25-cv-03943-NW

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING MOTION TO SUBSTITUTE COUNSEL**

Re: ECF No. 45, 50

Pending before the Court is the disposition of the Court's Order to Show Cause ("OSC") and Plaintiffs' motion to substitute counsel. ECF Nos. 45, 50. As set forth in the OSC and described in further detail at the hearing on February 18, 2026,[1] the Court issued the OSC because Plaintiffs repeatedly failed to comply with Court orders, including for what appeared to be the improper purpose of gaining additional time to amend their complaint after the Court denied Plaintiffs' request. At the hearing, the Court heard from counsel for Plaintiffs, specifically: (1) Joshua Borger, Giuliana Rose Ferrante, and Eileen Kennedy of Berliner Cohen LLP ("Berliner"), the firm that has represented Plaintiffs throughout this action; and (2) Marissa Sinha of Lathrop GPM LLP, who filed the motion to substitute that precipitated the ensuing OSC. Before the hearing, the Court also reviewed the declarations filed by Plaintiffs James Rukstalis and Jenna Minyen, see ECF Nos. 57, 58. The content of the declarations is troubling. Counsel at Berliner was unable to substantively respond because they felt that the duty they owed to Plaintiffs while serving as counsel of record precluded their ability to do so.

---

[1] Both the OSC and the hearing thoroughly recounted the filings in this case, so the Court does not recite it again here.

A few things are clear despite the procedural disorder of this action. First, Berliner can no longer serve as counsel for Plaintiffs as there has been a complete breakdown in the relationship between counsel and client. Second, Ms. Sinha remains willing and able to represent Plaintiffs — even after hearing about Berliner's recent travails. Finally, the Court does not know exactly what happened between Plaintiffs and counsel that led to the OSC, although the Court always begins with the assumption that parties and counsel are acting in good faith. It is possible that neither counsel nor Plaintiffs themselves intended to mislead the Court, even if Plaintiffs' filings suggest otherwise.

Given the above, the Court admonishes Plaintiffs, declines to issue sanctions at this time, DISCHARGES the OSC, and GRANTS the pending motion to substitute counsel. As of this Order, Berliner no longer represents Plaintiffs in this action.

Plaintiffs should not misinterpret the lack of sanctions, monetary or otherwise, to suggest that the Court makes light of Plaintiffs' conduct. The Court does not.

**IT IS SO ORDERED.**

Dated: February 24, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

2