UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RUKSTALIS, et al.,

        Plaintiffs,

   v.

KINECTA FEDERAL CREDIT UNION, et al.,

        Defendants.

Case No. 25-cv-03943-NW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: ECF No. 62

Before the Court is Defendant Kinecta Federal Credit Union's ("Kinecta") motion to dismiss Plaintiffs James Rukstalis and Jenna Mineyn's ("Plaintiffs") second amended complaint ("SAC"). *See* ECF Nos. 56 (SAC) & 62 (motion). On May 19, 2026, the Court held a hearing on the motion. The Court GRANTS Defendant's motion.

## I.    BACKGROUND

The factual allegations in the SAC are largely the same as those outlined in the Court's prior Order granting Defendants' motion to dismiss Plaintiffs' original complaint, and the Court does not repeat them here. ECF No. 29 ("October 2, 2025 Order"). Similarly, the Court does not recount the messy procedural history of this action, which the Court finds fully attributable to Plaintiffs; that history is addressed in detail in the Court's February 7, 2026 Order to Show Cause. ECF No. 50.

For the purposes of this Order, the Court need only take note of the following:

First, Plaintiffs' newest iteration of the complaint includes four causes of action. Count III, which alleges violations of the Truth in Lending Act ("TILA"), is the only remaining cause of action that arises under federal law. This case is currently in federal court based on federal question jurisdiction. *See* SAC ¶ 13; 28 U.S.C. § 1331.

Second, in its previous Order dismissing the original complaint, the Court dismissed portions of Plaintiffs' claims with prejudice. *See generally* October 2, 2025 Order. Specifically, the Court found that *any* claims that "relate[d] back to the original loan agreement [we]re barred by the statute of limitations." *Id.* at 8. In so finding, the Court considered and rejected the notion that any exception tolled the statute. *See id.* at 6-8.

Third, the Court found that Plaintiffs failed to state a claim on the portions of the TILA claims that survived the statute of limitations inquiry. *Id.* at 12. The Court addressed Plaintiffs' contention that the Loan Modification Agreement constituted a replacement of the original loan obligation and was in truth a refinancing as defined by 12 C.F.R. § 1026.20(a). As the Court previously explained:

> [t]he [Loan Modification Agreement] did not extend new credit or satisfy old debts, it merely modified the existing agreement. As one Court explained in its refusal to consider a similar modification as a refinancing, "[n]othing in that contract suggest[ed] that it was meant to 'satisfy,' 'extinguish,' or 'completely replace' the existing loan with a 'new obligation.'" *Kosi v. Littman*, No. 16-CV-6320-LB, 2017 WL 1848479, at *3 (N.D. Cal. May 8, 2017). The same is true here. But for the change in the monthly payments (which necessarily affected the APR), every other term in the loan was identical to the one laid out in the Closing Disclosures.

*Id.*

Accordingly, the Court stated that it was "skeptical that Plaintiffs c[ould] remedy the deficiencies in their TILA [c]ounts" "[g]iven the plain language of the original loan disclosures and the loan modifications." *Id.* Nevertheless, the Court granted leave to amend on the TILA claim as it related to the Loan Modification Agreement only because it was "not clear to the Court that it [would be] impossible for" an amended TILA claim to survive.[1] *Id.*

---

[1] Plaintiffs filed a first amended ("FAC") complaint on October 16, 2025. ECF. No. 30. Defendants moved to dismiss, and the matter was fully briefed. ECF Nos. 31, 32, 35. On December 5, 2025, the Court dismissed the FAC without prejudice. ECF No 36. The Court stated, "Plaintiffs have now inexplicably decided that despite their claim for breach of contract (which necessarily requires an enforceable contract between the parties), and the Court's direct Order that Plaintiffs include a copy of the Loan Agreement with their FAC, that they need not provide the Court with the Agreement. Instead of seeking leave from the Court not to comply with the Court's Order, Plaintiffs filed their FAC without the Loan Agreement, and made a circular argument that they cannot be bound by the Loan Agreement that bears their signatures . . . ." The Court then, without addressing the remaining merits of the FAC, Ordered Plaintiffs to again amend their complaint to incorporate the Loan Agreement as previously ordered. *Id.*

2

United States District Court
Northern District of California

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint or cause of action can be dismissed where the pleading fails to state a claim upon which relief can be granted.  To survive a motion to dismiss on those grounds, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Nevertheless, the Court need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

## III.    DISCUSSION

Plaintiffs have again disregarded Court Orders.  In their SAC, Plaintiffs raise TILA claims related to their original loan agreement, even though the Court dismissed those claims ***with prejudice***. *See, e.g.*, SAC ¶ 228 (alleging harm due to Kinecta's January 2022 "disclosure failures").  And Plaintiffs again insist that the "Loan Modification Agreement" (as titled on the document signed by Plaintiffs and attached to the SAC as Exhibit 7) is a refinancing pursuant to 12 C.F.R. § 1026.20(a), even though Plaintiffs failed to provide any new facts or law to bolster that claim.  These claims are no more compelling now than they were when insufficiently alleged by Plaintiffs last October.

The Court, having previously dismissed with prejudice all TILA claims arising out of the original loan documents, does not consider those same claims as brought in the SAC.  That means that Plaintiffs' only potentially live TILA claim arises from the Loan Modification Agreement — and only then if that agreement is not what it purports to be on its face, but is instead a refinancing.

Per Regulation Z, a "refinancing occurs when an existing obligation . . . is satisfied and replaced by a new obligation undertaken by the same consumer." 12 C.F.R. § 226.20(a).  No matter how Plaintiffs try to frame the agreement, they cannot overcome the simple fact that

3

Plaintiffs *never satisfied their initial obligation*. In a paradigmatic refinancing, a lender (often, but not always, entirely unrelated to the original lender), enters into a completely new loan agreement with the borrower. That agreement has new contractual terms negotiated between the new lender and the borrower that results in the new lender *paying off the entirety of the original loan*. Plaintiffs provide no facts or non-conclusory allegations that in this instance "the original debt obligation was extinguished and replaced by a new obligation thereby triggering TILA disclosures." SAC ¶ 213.

The Official Interpretations to Regulation Z only confirm the clear language of § 226.20(a):

> Whether a refinancing has occurred is determined by reference to whether the original obligation has been **satisfied or extinguished and replaced by a new obligation, based on the parties' contract** and applicable law. The refinancing may involve the consolidation of several existing obligations, disbursement of new money to the consumer or on the consumer's behalf, or the rescheduling of payments under an existing obligation. **In any form, the new obligation must <u>completely</u> replace the prior one.**
>
> > (i) Changes in the terms of an existing obligation, **such as the deferral of individual installments**, will not constitute a refinancing unless accomplished by the **cancellation** of that obligation and the **substitution of a new obligation.**

12 C.F.R. § Pt. 1026, Supp. I, Part 2 (emphases added).

Plaintiffs point to nothing in the Loan Modification Agreement that indicates it "satisfied," "extinguished," or "completely replaced" the existing loan with a "new obligation."[2] By its terms, the "Loan Modification Agreement" did as its title would suggest—it *modified* the existing loan between the existing parties. *See* SAC, Ex. 7. In so doing, it preserved and affirmed Plaintiffs' existing obligations while allowing Plaintiffs additional time to make interest-only payments. The agreement expressly states: "This Loan Modification Agreement . . . amends and supplements (1) the Mortgage, Deed of Trust or Security Deed . . . and (2) the Note" secured by those instruments.

---

[2] Notably and reasonably given that the two documents are inextricably intertwined, during oral argument, Plaintiffs' counsel was unable to explain even the most basic aspects of the Loan Modification Agreement without referencing the original loan between the parties.

4

*Id.* (emphasis added). And the final provision of the Loan Modification Agreement indicates Plaintiffs agreed, that "except as modified above," the parties existing obligations "remain in full force and effect as originally written." *Id.* Here, the documents are crystal clear; the Court will not rewrite or interpret the Loan Modification Agreement to be something it unequivocally is not. The Court GRANTS Kinecta's motion to dismiss Count III WITH PREJUDICE.

Without the TILA claim, the SAC lacks any federal causes of action. The remaining claims all arise under state law. While the Court may exercise its discretion to retain supplemental jurisdiction on the remaining state law claims, the Court does not do so in this case. *See* 28 U.S.C. § 1367(c)(3). Thus, this Order marks the end of the instant action in federal court.

## IV.    CONCLUSION

For the reasons set forth above the Court GRANTS Defendant's motion to dismiss Count III of the SAC WITH PREJUDICE. Because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, the entire action is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 21, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

5